<u>**UNPUBLISHED**</u>

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 13-4707**

UNITED STATES OF AMERICA,

        Plaintiff – Appellee,

   v.

JACK STEVEN VANLAAR,

        Defendant - Appellant.

Appeal from the United States District Court for the Middle District of North Carolina, at Greensboro.  Catherine C. Eagles, District Judge.  (1:13-cr-00119-CCE-1)

Submitted: July 29, 2014        Decided:  August 4, 2014

Before SHEDD and THACKER, Circuit Judges, and HAMILTON, Senior Circuit Judge.

Affirmed by unpublished per curiam opinion.

George E. Crump, III, LAW OFFICE OF GEORGE E. CRUMP, III, Rockingham, North Carolina, for Appellant. Ripley Rand, United States Attorney, Anand P. Ramaswamy, Assistant United States Attorney, Greensboro, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Jack Steven Vanlaar pled guilty, pursuant to a written plea agreement, to distribution of child pornography, in violation of 18 U.S.C. §§ 2252A(a)(2)(A), (b)(1) (2012). He received a 190-month sentence. On appeal, Vanlaar argues that the district court erred in applying a five-level enhancement for "distribution for the receipt, or expectation of receipt, of a thing of value, but not for pecuniary gain" under U.S. Sentencing Guidelines Manual § 2G2.2(b)(3)(B) (2012). Finding no error, we affirm the sentence.

We review a sentence for reasonableness, first ensuring that there is no "significant procedural error," including improper calculation of the Guidelines range. Gall v. United States, 552 U.S. 38, 51 (2007). When evaluating Guidelines calculations, we review the district court's factual findings for clear error and its legal conclusions de novo. United States v. Strieper, 666 F.3d 288, 292 (4th Cir. 2012).

The Guidelines provide multiple categories of distribution enhancements under USSG § 2G2.2(b)(3). Among these categories, "distribution for the receipt, or expectation of receipt, of a thing of value, but not for pecuniary gain" qualifies for a five-level enhancement under USSG

§ 2G2.2(b)(3)(B),[1] while distribution of child pornography that is not in exchange for money or other things of value and that is not to minors qualifies for a two-level enhancement under USSG § 2G2.2(b)(3)(F).[2]

The Guidelines define "distribution" as "any act, including possession with intent to distribute, production, transmission, advertisement, and transportation, related to the transfer of material involving the sexual exploitation of a minor." USSG § 2G2.2 cmt. n.1. The definition "includes posting material involving the sexual exploitation of a minor on a website for public viewing." Id. We have held that use of a peer-to-peer file-sharing program qualifies as distribution under § (F). United States v. Layton, 564 F.3d 330, 335 (4th Cir. 2009). We reasoned that, by creating and using a shared folder with knowledge that others could access the child pornography files within, "a defendant commits an act 'related to the transfer of material involving the sexual exploitation of a minor.'" Id. (quoting USSG § 2G2.2 cmt. n.1).

The Guidelines define "distribution for the receipt, or expectation of receipt, of a thing of value, but not for pecuniary gain" as "any transaction, including bartering or

---

[1] Hereafter referred to as "§ (B)."

[2] Hereafter referred to as "§ (F)."

other in-kind transaction that is conducted for a thing of value, but not for profit." USSG § 2G2.2 cmt. n.1. As an example, the Guidelines explain that, "in a case involving the bartering of child pornographic material, the 'thing of value' is the child pornographic material received in exchange for other child pornographic material bartered in consideration for the material received." Id.

Vanlaar does not dispute that he distributed child pornography under USSG § 2G2.2(b)(3). He argues, however, that his use of a file-sharing program should have subjected him only to the two-level enhancement under § (F), not the five-level enhancement under § (B), absent specific evidence in the record demonstrating that he shared child pornography files for the purpose of receiving something in return. Vanlaar's § (B) enhancement was based on his use of GigaTribe: a "peer-to-peer" file sharing system platform on which users or friends of each other can download and/or share part or all of their files on their computer depending on the choices they make.

The Government submitted evidence in the form of GigaTribe chat logs and presented the testimony of the investigating case agent and a computer forensics expert. In United States v. McManus, 734 F.3d 315 (4th Cir. 2013), the court addressed the five-level enhancement challenged here. The district court did not have the benefit of McManus when it made

4

its sentencing decision as it was decided several weeks after the district court sentenced Vanlaar. We held in McManus that a § (B) enhancement requires a showing of "sufficient individualized evidence of . . . intent to distribute . . . pornographic materials in expectation of receipt of a thing of value." Id. at 322. McManus addressed the GigaTribe peer-to-peer file-sharing network also at issue here. However, in McManus, we concluded that there was insufficient evidence to support the enhancement because the government relied on McManus sharing his folders only and did not present any actual individualized evidence to demonstrate intent to distribute pornographic materials in expectation of receipt of a thing of value. Id. at 322.

We suggested in McManus what evidence might be sufficient to support the § B enhancement. The government may demonstrate individualized intent by showing that a user "distributed his files to any user as a barter or trade, that Gigatribe enforces a rule that friends must make files available to each other, or that a strong custom has arisen within the Gigatribe community to that same effect." Id. at 322. We noted that if users communicate with one another to gain access to files, "then the Government should be able to gather actual individualized evidence to satisfy the second element of § (B)

5

by seizing defendants' chat logs with undercover agents and other users." Id.

The chat logs here demonstrate that Vanlaar shared his password to his shared folders with the expectation that the other GigaTribe user would reciprocate and provide a password so that Vanlaar could view and download the other user's files. There are several sequences in the chat logs demonstrating that Vanlaar intended to share with certain individuals only if he would receive files in return. The way the GigaTribe system works, as the district court noted, one user must first provide a password. The system does not appear to be set up for simultaneous or enforced reciprocal sharing. It was Vanlaar's practice to ask for a password in return when he was the first to share access. The chat logs also demonstrate that he would not provide his password to another user when the first user did not have any files that he wanted to view.

The facts in the record indicate that, at the very least, Vanlaar had the expectation that in distributing his child pornography files through GigaTribe that other users would return the favor and supply him with access to their files as well. In light of this and in consideration of McManus, we conclude that the district court did not clearly err in finding that Vanlaar possessed the requisite expectation necessary for applying the § (B) enhancement.

Accordingly, we affirm Vanlaar's sentence. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

AFFIRMED